# McKee et al., Appellants, *v.* Russell.

*Judgment—Scire facias to revive—Defense of payment—Evidence.*

On the trial of a scire facias by executors to revive a judgment, where the defense is payment, evidence is sufficient to sustain a verdict for the defendant, where it appears that the affidavit of defense averred that decedent retained the amount of the judgment from the proceeds of real estate, which she had bought from defendant, and this averment is supported by proof that decedent had declared to three witnesses that defendant owed her nothing, with other proof that after the sale of the real estate decedent had never made any demands for payment.

Submitted October 11, 1920. Appeal, No. 6, Oct. T., 1920, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 791, on verdict for defendant in case of Samuel Franklin McKee and Howard M. Raynor, executors of Laura J. Raynor, deceased, v. Emma H. Russell. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Scire facias to revive judgment. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned,* inter alia, were (1) refusal of binding instructions for plaintiff, (3) admission of evidence that the note on which judgment was entered was given as collateral security for the payment of a judgment which plaintiff's decedent had recovered against her husband, and that the debt for which it was security was paid, and (4) refusal of plaintiffs' motion for judgment n. o. v., quoting the record.

*J. Smith Christy,* for appellants.

*Thomas S. Brown, Ernest C. Irwin* and *Watson & Freeman,* for appellee.

PER CURIAM, December 31, 1920:

On August 3, 1917, the appellants issued a writ of scire facias to revive a judgment entered against the appellee by their decedent in 1899. In her affidavit of defense the defendant averred that the note upon which judgment was entered had been given as collateral security for the payment of a judgment which the appellants' decedent had recovered against her husband, and one of the pleas was payment. The complaint of the appellants is that the testimony offered in support of it was insufficient to justify a verdict for the defendant. Their first assignment of error is to the refusal of the point asking that a verdict be directed in their favor, and the fourth is to the refusal of their motion for judgment non obstante veredicto. An averment in the affidavit of defense is that the defendant, on January 5, 1900, conveyed to the appellants' decedent certain real estate in the City of Allegheny, for the consideration of $4,800, subject to a mortgage indebtedness of $2,500; that at the time said conveyance was made all the indebtedness owing by the defendant to the said decedent was paid or satisfied, the amount of her indebtedness being retained by the said decedent out of the purchase money. In support of this averment a member of the Allegheny County bar, a brother of the decedent, and two of her sisters testified that she had at various times, after the sale to her of the Allegheny County property, told them that the defendant's obligations to her had been fully paid. It was also shown that although the decedent was a keen business woman and insisted upon her rights, she never after the sale of the said real estate made any demands upon the defendant for payment. There was no denial of the facts as testified to by these three witnesses. No error was committed in the ruling

on the offer which is the subject of the third assignment.
It was strictly in the line of the defense of payment.

All the assignments are overruled and the judgment is
affirmed.